| MURRAY, J.,
CONCURS WITH REASONS.
I concur in the majority’s affirmation of the summary judgment on the basis that plaintiffs put forth no evidence to show that the property owner transferred “garde” to Ms. Pecoraro, the real estate agent. The dissenting opinion suggests that a genuine issue is raised solely by the fact that the agent had the only set of keys to the property in the state, as the owner lived out-of-state. I disagree. Keys merely indicate that the agent had access to the property, not garde. The legal concept of “garde” denotes the right of direction and control over a thing, coupled with the right to derive a benefit from it. Spott v. Otis Elevator Co., 601 So.2d 1355, 1363 (La.1992). “Garde” is the obligation imposed by law on the proprietor/custodian of a thing to prevent it from causing damages to others. Tyler v. Our Lady of the Lake Hosp., Inc., 96-1750, p. 6 (La.App. 1 Cir. 6/20/97), 696 So.2d 681, 685. Thus, in determining whether a non-owner with access to property also has garde, courts have typically considered whether the non-owner has the responsibility for maintenance and/or repair of the property. See Tyler v. Our Lady of the Lake Hosp., Inc., supra; Mix v. Krewe of Petronius, 95-1793, pp. 5-9 (La.App. 4 Cir. 5/22/96), 675 So.2d 792, 795-797. In Tyler, the First | gCircuit affirmed the trial court’s involuntary dismissal of the defendant hospital because the curb on which the plaintiff had tripped was part of the public area maintained by the municipality, and therefore the hospital did not have garde of the curb. Similarly, in Mix, this court reversed the trial court’s finding that the lessee of the City-owned auditorium had to indemnify the City for injury to an attendee of the lessee’s one night function at the auditorium; we held that the City did not transfer garde of the premises to the lessee because under the lease, the lessee had no *49 right to alter the condition of the steps upon which the plaintiff was injured. In the instant case, the owner’s contractual agreement with the real estate agent, Ms. Pecoraro, gave her no right to maintain, repair or alter the property in any way. On the contrary, Ms. Pecoraro was given access to the property for the sole purpose of facilitating the sale of it in “as is” condition.
Moreover, the fact that the property was apparently neither locked nor posted at the time of Mr. Butler’s death is irrelevant to the issue of garde. If, as the dissenting opinion suggests, Ms. Pecoraro herself removed the locks and/or signs (of which there is no evidence), she might be liable to the property owner in an action between him and her, but that fact would not indicate that she had garde, nor make her independently liable for the death of Mr. Butler.
For these reasons, I believe the summary judgment was properly granted.